### Masefield v. Fossa

*John J. Pentz, Jr.,* for plaintiff.

WILLIAMS, J., October 7, 1969.—This case comes before us on exceptions to the sheriff's distribution of proceeds of a judicial sale of defendant's real estate issued on the bond accompanying a mortgage given

by defendant to plaintiff on October 27, 1962, and recorded on October 27, 1962.

The Pennsylvania Department of Revenue, Bureau of Sales and Use Tax, filed on May 1, 1969, a tax lien against defendant. The sheriff's sale took place on May 23, 1969.

The sheriff's return shows a fund for distribution after payment of costs and local real estate taxes of $1,034.23 of which amount he distributes $1,031.23 to the Pennsylvania Department of Revenue, Bureau of Sales and Use Tax, and $3 to plaintiff, mortgagee.

It is the contention of the mortgagee that its lien, by reason of its prior recording date, has priority of distribution over the tax lien of the Commonwealth.

The relevant Act of Assembly is the Selective Sales and Use Tax Act of March 6, 1956, P. L. (1955) 1228, as amended. Subsection 548(a) of said act provides that any unpaid tax shall be a lien upon all property of the person owing the tax only after the lien has been entered in the prothonotary's office of the county where the property of the delinquent taxpayer is located.

Subsection 548(b) of the act provides: "All such liens shall have priority to, and be fully paid and satisfied out of the judicial sale before any other obligation, judgment, claim, lien or estate with which the property may subsequently become charged or for which it may subsequently become liable; subject, however, to mortgage or other liens existing and duly recorded at the time the tax lien is recorded, save and except the cost of sale and of the writ upon which it is made. . . ."

The language of the statute shows a clear and

unmistakable intent on the part of the legislature to subordinate the lien position of the Commonwealth to that of a mortgagee whose mortgage has been recorded prior to the Sales and Use Tax lien of the Commonwealth.

The sheriff in distributing the fund to the Commonwealth rather than to the mortgagee, departed from the legislative mandate and the exceptions to his mode of distribution must be sustained.

Upon similar facts, Judge Evans reached the same conclusion as herein expressed in Security-Peoples Trust Company v. Twin Trailer Sales of Erie, Inc., 45 Erie Co. R. 340.

We enter the following

### ORDER

And now, October 7, 1969, the sheriff's distribution of the sum of $1,031.23 to the Pennsylvania Department of Revenue, Bureau of Sales and Use Tax, is hereby set aside and the aforesaid sum is hereby distributed to plaintiff, mortgagee, George Masefield.